United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11152
Summary Calendar

LARRY MICHAEL NEWLAND,

Plaintiff-Appellant,

versus

Medical Doctor ADEL NAFRAWI; DR. STEPHEN PECK;
STEVEN RIELLY, Physician's Assistant; D. PRUITT, Medical
Director; HENDRICK MEDICAL CENTER; D.O. MARK MAXWELL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CV-100
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Larry Michael Newland, Texas prisoner # 658279, appeals the

magistrate judge's dismissal of his 42 U.S.C. § 1983 complaint as

frivolous and for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e) and 1915A.  He argues generally that the magistrate

judge erred in dismissing his claim as frivolous and for failure

to state a claim and that he alleged sufficient facts to state a

claim that the defendants were deliberately indifferent to his

serious medical needs.  Newland's allegations amount at most to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

negligence, his disagreement with his medical treatment, or unsuccessful treatment.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Newland has not shown that the defendants denied him medical care or that their actions constituted deliberate indifference to his serious medical needs.  See Wilson v. Seiter, 501 U.S. 294, 303 (1991).  Newland has not shown that the magistrate judge erred in dismissing his claim that the defendants were deliberately indifferent to his serious medical needs pursuant to § 1915(e) and § 1915A.  See Wilson, 501 U.S. at 303; Varnado, 920 F.2d at 321.  To the extent that Newland is attempting to raise a different claim on appeal that the defendants did not provide him with assistant in using the restroom, taking a shower, or retrieving his food tray, Newland's allegations involves factual questions that could have been resolved if he had raised them in the district court.  Thus, the error, if any, cannot have been "plain."  Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

Newland argues that the magistrate judge erred in using the heightened pleading standard in dismissing his complaint.  The record shows that the magistrate judge dismissed Newland's claim pursuant to §§ 1915(e) and 1915A as frivolous and for failure to state a claim and did not apply the heightened pleading standard.

Newland argues that the defendants were deliberately indifferent to his health and safety.  Newland's allegations do not rise to a constitutional violation absent an allegation of

physical harm.  See 42 U.S.C. § 1997e(e); see also Jones v.
Greninger, 188 F.3d 322, 326 (5th Cir. 1999).

Newland has not shown that the magistrate judge erred in dismissing his complaint for failure to state a claim upon which relief may be granted.  See Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003).  Newland is advised that this court's affirmance of the district court's dismissal of his complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).

AFFIRMED; SANCTION WARNING ISSUED.