United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-41692
Summary Calendar

ARTURO RIVERA,

Plaintiff-Appellant,

versus

JULIO SALAZAR, Individually and in his Official Capacity as a Corrections Officer at the William
G. McConnell Unit; ALAN R. CANTU, Individually and in his Official Capacity as a Corrections
Officer at the William G. McConnell Unit; WILLIAM L. STEPHENS, Individually and in his Official
Capacity as Senior Warden II, at the William G. McConnell Unit; DOMINGO A. CARRILLO,
Individually and in his Official Capacity as Major of Correction Officers at the William G. McConnell
Unit; AURELIO AMBRIZ, Individually and in his Official Capacity as Captain of Correctional
Officers at the William G. McConnell Unit; MICHAEL L. PARKER, Individually and in his Official
Capacity as Captain of Correction Officers (DHO) at the William G. McConnell Unit; ANDRES
GALLEGOS, Individually and in his Official Capacity as Lieutenant of Correctional Officers at the
William G. McConnell Unit; JAROD A. BLEIBDREY, Individually and in his Official Capacity as
Sergeant of Correctional Officers at the William G. McConnell Unit; MARTHA E.
NAVAJASGALLEGOS, Individually and in her Official Capacity as Sergeant of Correctional
Officers at the William G. McConnell Unit,

Defendants-Appellees.

-----------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-552
-----------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 civil rights action, Arturo Rivera, Texas prisoner # 716185, appeals

the district court's order granting the motion for summary judgment by defendant Correctional

Officers Julio Salazar and Alan Cantu.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

In his complaint, Rivera alleged that defendant Salazar retaliated against him for reporting to a supervisor that Salazar had subjected him to excessive force following a search of Rivera's cell. He maintained that Officer Cantu had done nothing to stop this assault. Rivera asserted that Salazar filed a fraudulent disciplinary report (DR) against him, charging him with possessing contraband (two razor blades) and threatening an officer (Salazar).

The district court adopted the magistrate judge's recommendation that summary judgment be granted in favor of defendants Salazar and Cantu. The magistrate judge's recommendation was based primarily on the following reasons: Rivera failed to establish a retaliatory motive because the "chronology" of the case showed that Rivera had threatened Salazar before he had threatened to file a grievance against Salazar and that Salazar had searched the cell and found the blades before Rivera made any such threat. Moreover, Rivera had no constitutional right to complain to a supervisor about Salazar's alleged misconduct. That Rivera was found guilty of the DR charging him with possession of contraband (although not guilty of charge that he threatened Salazar) showed that the DR was issued legitimately and not for a retaliatory motive. Finally, Rivera could not show retaliatory motive because his excessive-force complaint against Salazar was rejected.

This court reviews de novo a district court's order granting a party's summary-judgment motion. *Whittaker v. BellSouth Telecomm., Inc.*, 206 F.3d 532, 534 (5th Cir. 2000). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson*, 110 F.3d 299, 310 (5th Cir. 1997). "The inmate must produce direct evidence

of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation omitted).

In declarations made under penalty of perjury, Rivera explicitly denied that he had threatened either Salazar or Cantu and that he had possessed razor blades in his cell. Contrary to the district court's determination that Rivera had submitted "no evidence" to disprove the disciplinary charges, Rivera's declarations amounted to competent summary-judgment evidence to dispute the accuracy of those charges. *See Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). Although the "guilty" finding as to the contraband DR was "probative and potent" evidence that Rivera committed the infraction, it was not an "absolute bar" to Rivera's retaliation claim. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The court's conclusion that Rivera had no constitutional right to complain to a supervisor about Salazar's misconduct is not supported by this court's decisional authority. *See Hart*, 343 F.3d at 764 (citing *Woods*, 60 F.3d at 1164); *see also Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). Finally, we conclude that the court's reliance on *Johnson*, 110 F.3d at 311, for the proposition that Rivera's unsuccessful excessive-force complaint precludes a retaliation claim, was inapposite. *Johnson* addressed a retaliation claim by an inmate "writ writer" who had been filing civil-rights and habeas lawsuits on behalf of fellow inmates. *See id.* at 309-11. We are not prepared to extend *Johnson* to preclude a retaliation claim in a case like Rivera's, in which the administrative disposition of his excessive-force claim was quite vague.

We conclude that Rivera's declarations were sufficient to create a genuine issue of material fact as to his retaliation claim against defendant Salazar. For that reason and for the other reasons discussed above, we vacate and remand for further proceedings with respect to Rivera's retaliation claim against defendant Officer Salazar.

We affirm the order granting summary judgment as to defendant Officer Cantu. Rivera has effectively abandoned his conspiracy claim against Cantu by failing to brief the same, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993), and his allegation that Cantu merely did nothing while

Salazar abused Rivera is not sufficient to support the "adverse act" necessary for a retaliation claim. *See Jones*, 188 F.3d at 324-25.

We also affirm as to Rivera's claims that the district court abused its discretion in denying his motions to compel discovery and to extend the time for filing a summary-judgment response. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997).

VACATED AND REMANDED IN PART; AFFIRMED IN PART.