United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50902
Summary Calendar

_____

ROBERT G. HART,

Plaintiff-Appellant,

versus

KENNETH HAIRSTON; KARL THOMAS,
Major; JIMMY D. CRAIG,

Defendants-Appellees.

- - - - - - - - - -

Appeal from the United States District Court
for the Western District of Texas

- - - - - - - - - -

Before WIENER, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Robert G. Hart, Texas prisoner # 769108, appeals from the district court's order granting the defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim on which relief can be granted. We granted Hart leave to proceed in forma pauperis ("IFP") after the district court had certified that his appeal was not taken in good faith.

Hart asserted that the defendants retaliated against him for exercising his First Amendment right to file a grievance and to complain to a prison administrator about the alleged misconduct of defendant Hairston. He alleged that, only days after making such

complaints, Hairston filed a disciplinary report against Hart charging him with "knowingly making false statements for the purpose of harming another person." Hart maintained that defendant Thomas accepted the disciplinary charge, that he was convicted in a disciplinary proceeding over which defendant Craig presided, and that he was punished with 27 days of commissary and cell restrictions.

Section 1915(e)(2)(B)(ii), Title 28, permits a district court to dismiss a prisoner's IFP complaint "at any time if the court determines that —— (B) the action or appeal —— . . . (ii) fails to state a claim on which relief may be granted[.]" We review a 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal de novo, applying the standard used for FED. R. CIV. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998); see Harper v. Showers, 174 F.3d 716, 718 n.3 (5th Cir. 1999). "To test whether the district court's dismissal under § 1915[(e)(2)(B)(ii)] was proper, this Court must assume that all of the plaintiff's factual allegations are true." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). "The district court's dismissal may be upheld, 'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" Id. (citation omitted).

To the extent that the district court's order was based on the evidentiary submissions of the parties, we review de novo that court's order granting a party's summary-judgment motion. Whittaker v. BellSouth Telecomm., Inc., 206 F.3d 532, 534 (5th Cir. 2000). Summary judgment is proper if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c). The moving party bears the burden of showing the district court that there is an absence of evidence to support the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial.  Rule 56(e).

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).  "The law of this circuit is clearly established . . . that a prison official may not retaliate against . . . an inmate . . . for complaining to a supervisor about a guard's misconduct."  Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989).  Hart established a "chronology of events" showing retaliatory motive on the part of defendant Hairston, as the disciplinary charge filed by Hairston was accompanied by Hart's "letter of resolution" in which he accused Hairston of misconduct and lying.  See Woods, 60 F.3d at 1166.  The 27 days of commissary and cell restrictions that directly resulted

3

constituted an "adverse act,"[1] and causation was shown by the direct link between Hart's complaints and the punishment he received. See McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

The defendants argue that the "adverse act" suffered by Hart was de minimis. Although we have not specifically addressed the quantum of injury necessary to constitute an "adverse act" for purposes of a retaliation claim, the penalties imposed on Hart do not qualify as "de minimis" under various standards cited by other circuits. See, e.g., Thaddeus-X v. Blatter, 175 F.3d 378, 396 (6th Cir. 1999) ("action comparable to transfer to administrative segregation would certainly be adverse").

The defendants also argue that Hart failed to produce "competent summary judgment evidence" showing that his accusations against Hairston were not in fact false, which allegedly negated any "but for" causation with respect to Hairston's filing of the disciplinary report. It is true that a disciplinary report, like that filed against Hairston, may be "probative and potent summary judgment evidence" to prove the allegations contained in it.[2]

---

[1] The district court concluded that Hart had produced "no competent summary judgment evidence" to show that he actually suffered these sanctions. This was error. Hart submitted a declaration, sworn to "under penalty of perjury" in which he asserted that he in fact served the 27 days of commissary and cell restrictions. Under 28 U.S.C. § 1746, this is competent sworn testimony for summary-judgment purposes. See Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988).

[2] As neither Hart nor the appellees have addressed whether the subsequent overturning of the disciplinary conviction in this case rendered the disciplinary report ineffectual as summary-judgment evidence, we do not address this legal issue at this time.

4

See Woods, 60 F.3d at 1166. Hart, however, attached to his original complaint a signed declaration under penalty of perjury that "the foregoing is true and correct." On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit. See Huckabay v. Moore, 142 F.3d 233, 240 n.6 (5th Cir. 1998); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); 28 U.S.C. § 1746. In his verified complaint, Hart explicitly alleged that, on February 14, 2001, Hairston told him to lie to inspectors about the sanitization of pots and pans at the prison. It was this same allegation, as set forth in a February 15, 2001, "letter of resolution" to the prison's Food Service Director, that resulted in the filing of a disciplinary report against Hart. The verified allegation in Hart's complaint was competent summary-judgment evidence to counter the disciplinary report, and it created a genuine issue of material fact with respect to the issue of causation.

As Hart stated a cognizable retaliation claim against defendant Hairston, and genuine issues of material fact remain as to the various elements of this court's retaliation standard, the district court erred in granting the defendants' summary-judgment motion with respect to defendant Hairston. Furthermore, Hairston was not entitled to qualified immunity because, as noted above, the right to be free from retaliation of the sort alleged by Hart was "clearly established" by the 1980s, see Woods, 60 F.3d at 1164 & n.12, and defendant Hairston's conduct, as alleged by Hart, was not objectively reasonable. See Petta v. Rivera, 143 F.3d 895, 899

5

(5th Cir. 1998); Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). Accordingly, with respect to Hart's retaliation claim against Hairston, we vacate and remand for further proceedings not inconsistent with this opinion.

Hart did not sufficiently establish the elements of a retaliation claim with respect to defendants Thomas and Craig. Their mere involvement in the disciplinary proceedings against him, without more, does not establish either retaliatory motive or causation. See Jones, 188 F.3d at 324-25. We affirm the granting of summary judgment with respect to defendants Thomas and Craig.

To the extent that the district court's order denied Hart's own motion for partial summary judgment, we likewise affirm, in that genuine issues of material fact remain.

VACATED AND REMANDED IN PART; AFFIRMED IN PART.