United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41740
Conference Calendar

_____

RICKIE DUFRENE,

                                        Plaintiff-Appellant,

versus

BRAZORIA COUNTY DISTRICT ATTORNEY OFFICE;
BRAZORIA COUNTY SHERIFF'S DEPARTMENT; JOHN DOE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-45
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Rickie Dufrene, Texas inmate # 603712, appeals from the

dismissal of his 42 U.S.C. § 1983 suit pursuant to Heck v.

Humphrey, 512 U.S. 477 (1994), for failure to state a claim.

Dufrene's claim was based on the alleged premature destruction of

evidence of his crime, which prevents Dufrene from availing

himself of the opportunity for DNA testing provided by Texas law.

We review the district court's dismissal de novo, applying the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

same standard used for FED. R. CIV. P. 12(b)(6) dismissals.  See Hart v. Hairston, 343 F.3d 762, 763-64 (5th Cir. 2003).

Dufrene argues that the district court misconstrued his complaint as an attack on the validity of his conviction. Notwithstanding Dufrene's contentions, were the district court to award Dufrene damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.  Under Heck, Dufrene's claim is not actionable because he has not shown that his conviction has been reversed on direct appeal, expunged by executive order, invalidated by other state means, or called into question by the issuance of a federal habeas writ.  See Heck, 512 U.S. at 486.

Dufrene also argues that the Antiterrorism and Effective Death Penalty Act ("AEDPA") is unconstitutional in various respects.  The AEDPA's time-bar and successive-petition provisions do not preclude Dufrene from achieving a favorable termination, as required by Heck.  See id.  The AEDPA's provisions do not restrict Dufrene's ability to file necessary legal documents, and thus do not deny Dufrene his right of access to the courts.  See Brewer v. Wilkinson, 3 F.3d 816, 820-21 (5th Cir. 1993).  Nor do the AEDPA's provisions violate the principle of separation of powers, see Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 218-19 (1995), or violate the Suspension Clause.  See Felker v. Turpin, 518 U.S. 651, 664 (1996).

Dufrene's appeal is without arguable merit and is therefore dismissed as frivolous.  <u>See</u> 5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  Both the district court's dismissal and this court's dismissal of the instant appeal count as strikes for purposes of 28 U.S.C. § 1915(g).  <u>See</u> 28 U.S.C. § 1915(g); <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).  Dufrene is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.