**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 26, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-31179
(Summary Calendar)

CATHERINE ALLEN; TEQUILLA ADAMS; BARBARA
AMBROSE; RONALD P. BAZILE; RUTH BORDEN;
WILLARD J. CASTLE; ROBERT COLLINS; ALVIN
DANIEL; JOHNNY GREEN; DIANE JONES; MYRTLE
JONES; GLENN R. JOURNEE; CARMEN MCCRAY;
GAIL MCGRAW; TRAVELLA NEWSOME; YOULANDA
PREVOST; and GAIL SIMMONS,

                                                        Plaintiffs-Appellants,

versus

JOHN E. POTTER, Postmaster General,

                                                        Defendant-Appellee.

Appeal from the United States District Court
for the Easter District of Louisiana
(2:03-CV-2453-B)

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Catherine Allen and sixteen others appeal from the district court's grant of summary judgment

to John Potter, Postmaster General, pursuant to Fed. R. Civ. P. 56 on their Title VII hostile work

---

        [*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

environment claims. Because we conclude Appellants cannot show that management had knowledge of the harassment and failed to promptly respond, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

Catherine Allen filed the underlying employment discrimination complaint against John E. Potter, the Postmaster General, pursuant to Title VII of the Civil Rights of Act of 1964, 42 U.S.C. § 2000(e) et seq., on August 28, 2003. In her original complaint, Allen alleged that while working for the United States Postal Service in New Orleans, she and several coworkers were required to work in a metal enclosure–a cage–for one and one half hours. She alleged that only darker skinned African-American employees were required to work in the cage and that lighter skinned African-Americans and whites were not required to do so. She also alleged that while she and others were working in the cage, coworkers threw peanuts and bananas at them. Further, she alleged that someone put up signs that read "Do not feed the animals." Finally, she alleged that at least two supervisors laughed at her while she was working in the cage.

Two months later, Allen filed an amended complaint seeking to add the claims of sixteen additional plaintiffs, who, along with Allen, are appellants here. The additional plaintiffs averred claims similar to Allen's, but they were required to work in the cage from one to four days. In response to the complaint, Appellee Potter filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6); and, in the alternative, a motion for summary judgment under Fed. R. Civ. P. 56(c) as to the disparate treatment and hostile work environment claims.

The district court granted the motions to dismiss with regard to the Appellants' intra-racial color discrimination and disparate treatment claims. The court determined that Allen properly stated

2

a hostile work environment claim and that the sixteen additional plaintiffs were allowed to piggyback their claims to Allen's timely filed complaint; however, the court granted Potter's motion for summary judgment as to the hostile work environment claims concluding that management promptly responded when a complaint was made. Allen and the other plaintiffs appeal from the district court's grant of summary judgment.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Pegram*, 361 F.3d at 278. Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party. *Id.* Even if we disagree with the reasons given by the district court to support summary judgment, we may affirm the district court's ruling on any grounds supported by the record. *Lifecare Hosps., Inc. v. Health Plus of La., Inc.*, 418 F.3d 436, 439 (5th Cir. 2005).

## DISCUSSION

To establish a prima facie case for a Title VII violation based on race discrimination creating a hostile work environment, Appellants must prove: (1) they belong to a protected group; (2) they

3

were subject to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). "For harassment on the basis of race to affect a term, condition, or privilege of employment . . . it must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Ramsey*, 286 F.3d at 268 (internal quotations omitted) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). In determining whether a workplace constitutes a hostile work environment, the court must consider the following factors: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (internal quotations omitted) (quoting *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000).

We first address Appellants' argument that the district court should have considered the declarations made by the sixteen added plaintiffs as equivalent to affidavits pursuant to 28 U.S.C. § 1746. In general, an unsworn affidavit is incompetent to raise an issue of fact to preclude summary judgment; however, 28 U.S.C. § 1746 provides an exception that permits unsworn declarations to substitute for an affiant's oath if the statement is made "under penalty of perjury" and verified as "true and correct." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). In the instant case, Appellants submitted a declaration, to which they attached their amended complaint, in opposition to Appellee's motion for summary judgment that satisfied the statutory requirements. The declaration stated that the facts in the amended complaint were true and correct and that Appellants signed under penalty of perjury. Fifteen of the sixteen added plaintiffs signed and dated the

4

declaration. The declaration meets the requirements of the statute and is therefore competent summary judgment evidence. *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (holding that a declaration signed under penalty of perjury and verifying the allegations set forth in the complaint were true and correct was competent summary judgment evidence).

In their amended complaint, Appellants alleged that they were required to work in the cage between one and four days. Appellants alleged coworkers made offensive comments such as "Look at the monkeys" and "Don't feed the Monkeys;" these statements constitute more than teasing and offhand comments. *See Sheperd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999). They alleged that someone posted signs that read "Don't feed the animals." They also alleged peanuts were thrown into the cage all four days. Appellee argued that the plaintiffs could not satisfy the severe or pervasive requirement because of the short duration, but Appellants were only required to raise an issue of fact as to the severity or pervasiveness. In his brief, Appellee does not deny that Appellants were required to work in a heavy wire mesh enclosure nor that it remained up for four days. Nevertheless, the district court concluded that Appellants failed to go beyond the pleadings and by affidavits, or other evidence, present genuine issues for trial. *Allen v. Potter*, 2004 U.S. Dist. LEXIS 21966 at \*32 (E.D. La. 2004). We disagree. Examining the evidence in the light most favorable to the plaintiffs, as we are required to do on a motion for summary judgment, Appellants raised genuine issues of fact as to the severity or pervasiveness of the experience.

Our conclusion is bolstered by the district court's statement that "[w]hile Allen is a member of a protected class, who worked in a cage which affected the condition of her employment, Allen still has difficulty establishing a prima facie case because the fifth requirement is missing." *Allen v. Potter*, 2004 U.S. Dist. LEXIS 21966 at \*29 (E.D. La. 2004). Implicit in the district court's

conclusion that the cage affected the condition of Allen's employment is a finding that the environment was severe or pervasive. For harassment to affect a condition of employment it must be sufficiently severe or pervasive. *See Ramsey*, 286 F.3d at 268. Thus, although the district court found that Allen's having to work in the cage for one and one half hours was not severe or pervasive, the court appears to have concluded that the cage, coupled with the throwing of peanuts and posting of offensive signs, was sufficiently severe or pervasive. Accordingly, the other plaintiffs allegations that they worked in the cage on as many as four days raises an issue of fact as to the severity and pervasiveness of their experience. Nevertheless, the fifth prong remains the Achilles' heel in Appellants' case; they cannot show that management had knowledge of the harassment and failed to promptly respond and thus, they cannot establish a prima facie case for a Title VII violation based on race discrimination creating a hostile work environment.

Relying on *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), Appellants contend they were not required to show that management failed to take remedial action because management was involved in the harassment. "[W]here the harassment is allegedly committed by a supervisor with immediate (or successively higher) authority over the harassment victim, the plaintiff employee needs to satisfy only the first four of the elements . . . ." *Celestine v. Petroleos De Venezuella SA*, 266 F.3d 343, 353-54 (5th Cir. 2001) (citing *Faragher*, 524 U.S. at 807). Though they allege supervisors walked by, smiled or laughed, Appellants do not allege that their supervisors made offensive comments, threw food, or posted signs. Appellants failed to raise a fact issue as to whether their *supervisors* created a hostile work environment; accordingly, they were required to show that the supervisors had notice and failed to take prompt remedial action.

None of the appellants alleged that he or she complained to anyone about the experience. On

6

the fourth day, an employee who is not a party complained to the District Manager and he immediately had the cage dismantled and apologized to the employees. Further, in their reply brief, Appellants admit the signs were removed by the second day and speculate that the signs were removed by a supervisor who admonished employees for making offensive comments. Therefore, we conclude that Appellants cannot show that management had notice and failed to respond promptly.

## CONCLUSION

For the foregoing reasons we affirm the district court's grant of summary judgment.

AFFIRMED.