United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41354
Summary Calendar

JOHNNIE R. PROPES,

Plaintiff-Appellant,

versus

DEBORA WOLF,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CV-273
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Johnnie R. Propes, Texas state prisoner number 1178904, appeals the district court's dismissal with prejudice of his pro se, in forma pauperis, 42 U.S.C. § 1983 civil rights complaint for failure to state a claim. Liberally construed, Propes reiterates his claim that, on June 23, 2003, in the 366th District Court, Officer Debora Wolf, a Plano, Texas, police officer, knowingly falsely testified at a trial that in 1999 he threatened her with a gun.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court shall dismiss an IFP complaint at any time if it determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Such a dismissal is reviewed de novo under the standard of FED. R. CIV. P. 12(b)(6). Hart v. Hairston, 343 F.3d 762, 763-64 (5th Cir. 2003).

Police officers are absolutely immune from liability for their allegedly perjurious testimony. Enlow v. Tishomingo County, Miss., 962 F.2d 501, 511 (5th Cir. 1992). As such, Propes's claims against Officer Wolf are barred.

The district court denied Propes's motion to supplement his complaint with claims that challenged an unspecified conviction and sentence. Because Propes did not contest the district court's ruling on appeal, he arguably has waived the right to challenge the denial of his motion to amend. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Assuming that Propes's reassertion on appeal of the claims raised in his motion to supplement constitutes an implicit challenge to the denial of his motion to supplement, the claims still fail as they are not cognizable under § 1983. See Heck v. Humphrey, 512 U.S. 477, 486 (1994). Accordingly, Propes's appeal is frivolous and therefore is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

In Propes v. Dretke, No. 04-50822 (5th Cir. Apr. 20, 2005), we imposed the 28 U.S.C. § 1915(g) bar against Propes. We warn

Propes that further filing of frivolous complaints or pleadings may result in additional sanctions against him.

APPEAL DISMISSED; SANCTION WARNING ISSUED.