United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-11152
Summary Calendar

CHARLES LANDRUM,

Plaintiff-Appellant,

versus

RECHELLE MCKINNEY; ET AL.,

Defendants,

RECHELLE MCKINNEY; NORMA HARRISON, Garment Factory;
FNU PREWIT, Unit Infirmary; KAREN HORSELY, Unit Infirmary

Defendants-
Appellees.

-----------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-86
-----------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Landrum, Texas prisoner # 565417, appeals the grant of summary judgment for the

defendants and the dismissal of his 42 U.S.C. § 1983 complaint. In his complaint, Landrum asserted

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the defendants were deliberately indifferent to his medical needs following his exposure to formaldehyde gas. The parties consented to proceed before a magistrate judge (MJ). The MJ found that the claims asserted by Landrum did not rise to the level of deliberate indifference, granted the defendants' motion for summary judgment, and dismissed the complaint.

We first address whether the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID), which was originally named as a defendant, is a party to this appeal. Assuming arguendo that Landrum's notice of appeal did include the separate dismissal of TDCJ-ID, we note that he has failed to address the basis for the dismissal of TDCJ-ID in his appellate briefs. Therefore, we decline to consider any claims against TDCJ-ID. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (this court "will not raise and discuss legal issues that [the appellant] has failed to assert"). *Id.*

This court reviews the grant of a motion for summary judgment de novo. *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). Our review of the record indicates that, for all defendants but one, the MJ did not err in determining that their actions did not rise to the level of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to show deliberate indifference, official must know of and disregard risk to inmate); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (delay in medical care must be due to deliberate indifference and result in substantial harm); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (unsuccessful treatment, negligence, or medical malpractice are insufficient to show unconstitutional denial of medical care); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure to follow prison regulations is not a constitutional violation).

However, we conclude that the MJ erred by granting defendant Harrison's motion for summary judgment. Landrum's complaint, which he declared under penalty of perjury to be true and correct, generally alleges that he timely informed Harrison of his adverse reactions to the formaldehyde gas, but Harrison refused his requests for job change or protective equipment. *See* 28 U.S.C. § 1746; *Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003) (declaration under penalty of perjury is competent summary judgment evidence). In response, Harrison relies on her own unsigned affidavit and points out that several of Landrum's assertions lack independent support in the record. Based on this record, we conclude that Landrum has demonstrated a genuine issue of material fact sufficient to defeat Harrison's motion for summary judgment. *See* FED. R. CIV. P. 56(c). As Landrum has not alleged that Harrison was personally involved in his October 2001 reassignment to the garment factory, we affirm the grant of summary judgment as to that claim. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). We also conclude that Landrum's grievances were sufficient to exhaust his claims against Harrison.

Therefore, with the exception of Landrum's claim regarding his October reassignment to the garment factory, we vacate the MJ's grant of summary judgment in favor of Harrison and remand for further proceedings. We affirm the grant of summary judgment for the remaining defendants.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.