United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41108
Summary Calendar

ALLYN SCRIBNER,

Plaintiff-Appellant,

versus

LANNETTE LINTHICUM, TDCJ Medical Services Director,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-409-ESH
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Allyn Scribner, Texas prisoner # 380398, appeals from the

district court's order granting summary judgment to the defendant

in his 42 U.S.C. § 1983 suit. Scribner alleged in his complaint

that a prison dentist determined his teeth needed to be removed

due to disease but that he was being denied dentures because of a

policy implemented by the defendant. The district court

determined that there was no competent summary judgment evidence

showing that the defendant was personally aware of Scribner's

problems.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews de novo a district court's order granting a party's summary judgment motion. Whittaker v. BellSouth Telecomm., Inc., 206 F.3d 532, 534 (5th Cir. 2000). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, this court must evaluate the facts in the light most favorable to the non-moving party. Whittaker, 206 F.3d at 534.

Scribner's claim concerns the alleged denial of medical care. Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). A supervisory official, such as the defendant in the instant case, "may be held liable if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

Contrary to the district court's conclusion that there was no competent summary judgment evidence showing that the defendant was aware of Scribner's complaints, Scribner averred in his complaint under penalty of perjury that he wrote to the defendant about his problems. This was competent summary judgment evidence. See Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003); Huckabay v. Moore, 142 F.3d 233, 240 n.6 (5th Cir. 1998). Although the district court concluded that there was no evidence the defendant received the letter, the defendant has not denied receiving them, and Scribner's evidence created an issue of material fact.

The defendant averred in an affidavit in the district court, and she argues on appeal that she was not responsible for the policy at issue and had no authority to change it even if she knew about Scribner's complaints. Scribner submitted evidence, however, in the form of the prison Health Services Policy Manual suggesting that the defendant gave final approval to the policy. The district court did not consider this evidence before ruling. Further, the district court did not consider that regardless of the defendant's personal involvement with any alleged constitutional violations, supervisory liability may exist where the supervisory official implements a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. See Thompkins, 828 F.2d at 304.

Viewed in the light most favorable to Scribner, the evidence as it currently stands presents a genuine issue of material fact whether the defendant was personally aware of Scribner's medical needs, had the power to do anything about them, and was personally indifferent to Scribner's condition. The district court's judgment therefore must be vacated and remanded for further proceedings. We express no opinion on the ultimate validity of Scribner's constitutional claim, however. We note that the contours of the prison policy and Scribner's medical need for dentures was not completely developed by either party or considered by the district court. On remand the district court may further develop the record to determine not only the extent of the defendant's knowledge and authority, but also whether Scribner can show that he faces a substantial risk of serious harm. See Farmer, 511 U.S. at 847; see also Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)(mere disagreement with prison officials regarding medical treatment does not give rise to a § 1983 cause of action).

Linthicum makes several arguments for affirmance on an alternative basis. First, she argues that Scribner failed to exhaust his administrative remedies because he did not specifically name her in his prison grievances. The Supreme Court recently held that the Prison Litigation Reform Act (PLRA) contains no requirement concerning who must be named in a prison grievance in order to exhaust properly the prison grievance

system. <u>Jones v. Bock</u>, 127 S. Ct. 910, 922-23 (2007). Rather, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." <u>Id.</u> at 923. Linthicum makes no argument, and there is no indication in the record, that the Texas grievance procedures require the prisoner to specifically name a particular official.

Linthicum also argues that Scribner failed to overcome her claim to qualified immunity. Linthicum reasons that because there is no evidence of her personal involvement in Scribner's claims Scribner fails to show a constitutional violation and cannot overcome the first hurdle in a qualified immunity analysis. As noted above, however, there is an issue of fact whether Linthicum was involved in Scribner's claims. Further, Scribner sought injunctive relief in the form of an order that the defendant change the policy to allow prisoners with few or no teeth to receive dentures. "Neither absolute nor qualified personal immunity extends to suits for injunctive or declaratory relief under § 1983." <u>Chrissy F. by Medley v. Mississippi Dep't of Public Welfare</u>, 925 F.2d 844, 849 (5th Cir. 1991).

VACATED AND REMANDED.