United States Court of Appeals

Fifth Circuit

**F I L E D**

**July 9, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-30517

FRANK GRIFFIN,

Plaintiff-Appellant,

versus

SEA MAR MANAGEMENT, Inc.,

Defendant-Appellee.

Appeals from the United States District Court
for the Western District of Louisiana
(04-CV-788)

Before JOLLY, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

This appeal arises from the district court's grant of summary judgment in favor of Sea Mar

Management, L.L.C. ("Sea Mar") on Frank Griffin's race discrimination and retaliation claims. We

affirm the district court's judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2003, Griffin filed a charge of discrimination with the Equal Employment

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Opportunity Commission ("EEOC") alleging race discrimination. Griffin asserted that based on unlawful discriminatory reasons, Sea Mar failed to train or promote him to the captain position on dynamic positioning vessels in Sea Mar's fleet. According to Griffin, on August 9, 2002, he complained to his supervisor that Sea Mar discriminated against him by refusing to train and assign him to a dynamic positioning vessel, and thereafter, Sea Mar demoted him in February 2003 for asserting the complaint. On January 30, 2004, the EEOC issued a right to sue letter.

On April 2, 2004, Griffin filed the instant lawsuit claiming race discrimination and retaliation in the form of a demotion from captain to mate. Sea Mar filed a motion for summary judgment on Griffin's claims for race discrimination and retaliation. The district court granted summary judgment on both causes of action. Griffin now appeals the district court's judgment.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court. *Machinchick v. P.B. Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). In deciding a motion for summary judgment, the court must determine whether the submissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hart v. Hariston*, 343 F.3d 762, 764 (5th Cir. 2003).

## III. DISCUSSION

A.    Race Discrimination

To establish a prima facie case of disparate treatment based on unlawful race discrimination, the plaintiff must show that he suffered an adverse employment action. *Pratt v. City of Houston*, 247 F.3d 601, 606, n.2 (5th Cir. 2001). Griffin argues that serving as the captain on dynamic positioning

vessels carries more prestige than conventional offshore supply vessels and thus, Sea Mar's refusal to "promote" him was an adverse employment action. Although Griffin may hold a subjective opinion about the greater prestige associated with being the captain of a dynamic positioning vessel, to sustain his cause of action, there must be an objective difference in the employment benefits garnered from the assignment. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). "Where the evidence produces no objective showing of a loss in compensation, duties, or benefits, but rather solely establishes that a plaintiff was [not] transferred [to] a prestigious and desirable position . . . that evidence is insufficient to establish an adverse employment action." *Id.* at 283 (citing *Serna v. City of San Antonio*, 244 F.3d 479, 485 (5th Cir.2001)).

In this appeal, Griffin sets forth no objective differences between an assignment to the dynamic positioning vessel as compared to the conventional vessel sufficient to support his argument that the requested transfer constitutes a promotion. Sea Mar's dynamic positioning vessels require the same on-the-job-training and use of navigational equipment as conventional offshore supply vessels, and require the same United States Coast Guard operational license as the conventional vessels. Pay and other employment benefits such as scheduling preferences and vessel assignment are determined on an individual basis. Further, Fifth Circuit law clearly holds that an employer's refusal to grant a purely lateral transfer does not constitute an adverse employment decision actionable as intentional racial discrimination. *Burger v. Cent. Apartment Management*, 168 F.3d 875, 879 (5th Cir. 1999). Accordingly, Griffin does not make out a prima facie case of intentional race discrimination because there is no adverse employment action.

B.    Retaliation

Once the plaintiff establishes a prima facie case of unlawful retaliation, the defendant bears

the burden to assert a nondiscriminatory, legitimate reason for the termination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant meets his burden, then the inference against the defendant dissolves and the plaintiff must demonstrate that the given reason is a pretext for unlawful discrimination. *Id.* at 804. Griffin's retaliation claim relies heavily on an August 9 letter allegedly sent to Sea Mar's administrators regarding race discrimination. Although Griffin provided a copy of this letter to the district court and in this record, Griffin has no proof that Sea Mar received the letter and Sea Mar denies ever getting the written complaint. Griffin also alleges that in a similar circumstance, a white captain, Pierce, was temporarily demoted but later reassigned to the captain position. Sea Mar contests this notion with evidence showing that not only Pierce, but two other white captains received demotions for performance related reasons.

As a legitimate, non-retaliatory reason for Griffin's demotion from captain to mate, Sea Mar points to (1) Griffin's disagreement with a customer; and (2) numerous reprimands following Griffin's reclassification from captain to mate. Griffin provides a conclusory rebuttal to Sea Mar's legitimate reason, stating that "a close examination of the so-called incidents reveals them to be what they are- contrived and perjured evidence manufactured to discredit Frank Griffin." Yet Griffin provides no explanation or evidence in the record showing that Sea Mar conspired against him in writing up his disciplinary infractions. Based on the facts placed in the record, Griffin failed to rebut Sea Mar's legitimate reason for his demotion.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.

4