United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 06-40513
Summary Calendar

————————————

DAVID ALLEN CROSS,

Plaintiff-Appellant,

versus

DOUGLAS DRETKE,
Director, Texas Department of Criminal Justice,
Correctional Institutions Division;
EILEEN KENNEDY; DAVID BROWNELL; STACY ALCORTA;
CAROLINA ROSAS; WARDEN WILLIAM STEPHENS;
ASSISTANT WARDEN ALFONSO CASTILLO; OFFICER JOHNNY MARTINEZ,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 2:04-CV-108
--------------------

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

David Cross, a Texas prisoner, appeals a summary judgment for

defendants in his civil rights action filed under 42 U.S.C. § 1983.

He alleges that defendants retaliated against him for filing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

civil rights action and that they were deliberately indifferent to his serious medical needs.

This court reviews the grant of a motion for summary judgment de novo. Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003). Summary judgment is appropriate where, considering all of the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the moving party meets his burden of showing that no genuine issue exists, the burden shifts to the nonmoving party to produce evidence or set forth specific facts showing the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Prisoners are constitutionally protected from retaliation for complaining about a prison official's actions to a supervisor or for exercising their right of access to the courts. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989). To state a valid claim for retaliation under § 1983, a prisoner must (1) point to a specific constitutional right that has been violated; (2) produce direct evidence of a chronology of events pointing to the defendant's intent to retaliate against the prisoner for exercising a constitutional right; (3) show a retaliatory adverse act, and (4) show

causation, i.e., that, but for the defendants' retaliatory motive, the complained of incident(s) would not have occurred. <u>Hart</u>, 343 F.3d at 764.

Because Cross has not briefed his district court arguments that the defendants' housing assignments with dangerous inmates and their failure to investigate threats to his life were acts of retaliation, those claims are abandoned. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1983). The summary judgment on those claims is affirmed.

Given the presence of a weapon in his cell, Cross has not shown that a disputed issue of material fact exists relative to his claim that the defendants' disciplinary case against him for possessing a weapon was an act of retaliation. Accordingly, the summary judgment on that claim is also affirmed.

Nor has Cross shown that the defendants' two-day delay in returning him to the first floor after he was injured was an act of retaliation or that the delay constituted deliberate indifference to his medical needs. The summary judgment on those claims is affirmed.

Cross has shown, however, that it was error to grant summary judgment for defendant Brownell on his claim the move from the first floor to the second was retaliatory. The district court determined that the chronology of events did not support a retaliation claim because neither defendant Rosas nor Brownell had been named in a prior civil action or a grievance filed by Cross. Cross

has established a chronology of events showing retaliatory motive given that the unexplained move followed his filing of a civil rights action against prison officials. Moreover, Cross asserts that he named dDefendants Alcorta, Rosas, and Kennedy in his prior civil action and that defendant Brownell conspired with them to retaliate against him for filing the suit. That Brownell was not named in a prior civil action or grievance is not dispositive of whether he had retaliatory intent when he authorized the move. Defendants did not supply Brownell's affidavit or otherwise explain why he authorized the move. Therefore, the defendants, as the moving parties, did not meet their burden of proving that no genuine issue existed relative to the reason that Brownell authorized the move. See Celotex, 477 U.S. at 324; Hart, 343 F.3d at 765 (noting that verified allegation in prisoner's complaint was competent summary judgment evidence that created genuine issue of material fact relative to causation).

Cross established that the move to the second floor was an adverse act and that but for the act, he would not have injured himself: He was required to climb stairs in contradiction to his medical restrictions and ultimately fell and sustained injuries. Furthermore, as the discussion below demonstrates, a material issue of fact exists regarding whether he has established the violation of a specific constitutional right.

Cross argues that the move to the second floor violated his Eighth Amendment right to be free from cruel and unusual pun-

ishment.  Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain.  Wilson v. Seiter, 501 U.S. 294, 297 (1991).  The Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate test for deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 839-41 (1994).  Thus, a prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  For an official to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Acts of negligence or neglect are insufficient to give rise to a § 1983 cause of action.  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

That Cross had medical restrictions related to an injured foot and high blood pressure that required that he be housed on the first floor is not disputed.  Defendants have produced no evidence showing that Brownell was not aware of Cross's medical restrictions.  Instead, their argument was that, because Cross failed to produce evidence that he filed grievances about the move, he had no evidence that Brownell was aware of the error.

As the moving parties, however, defendants had the burden of

producing evidence that no issue of material fact existed regarding this claim. See Celotex, 477 U.S. at 324. Cross's failure to produce evidence that he filed grievances alerting Brownell of the problem with being on the second floor is irrelevant. Whether Brownell was aware that Cross faced a substantial risk of serious harm if he was housed on the second floor is a genuine issue of material fact.

Because genuine issues of material fact are present regarding Cross's claim that the move to the second floor was retaliatory, the summary judgment for Brownell is vacated, and the case is remanded for proceedings consistent with this opinion. See Hart, 343 F.3d at 765. Because Cross did not sufficiently establish a retaliatory motive for the other defendants, the summary judgment for them relative to this claim is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.