# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 4, 2007**

Charles R. Fulbruge III
Clerk

No. 06-60975
Summary Calendar

DONNIE ANGELO WILLIAMS

Plaintiff-Appellant

v.

WILLIE ANDERSON, of the Morton Police Department;
WILLIAM RICHARDSON, Sheriff of Scott County

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CV-269

Before WIENER, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Donnie Angelo Williams appeals the district court's dismissal of his lawsuit raising claims under 42 U.S.C. § 1983 for false arrest and deprivation of liberty.

Williams contends that the district court erred in dismissing his false arrest claim on the grounds of res judicata. We review this claim de novo. See United States v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007). Williams has not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established that the district court erred in dismissing this claim on res judicata grounds, in light of his 2003 civil action raising claims under § 1983 that arose out of the same nucleus of operative facts.  Id.

Williams further contends that the district court erred in granting summary judgment on his deprivation of liberty claim.  This court reviews the grant of a motion for summary judgment de novo.  Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003).  Summary judgment is appropriate where, considering all of the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the moving party meets his burden of showing that no genuine issue exists, the burden shifts back to the nonmoving party to produce evidence or set forth specific facts showing the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Williams has not shown that a disputed issue of material fact exists relative to his claim that he was unconstitutionally deprived of his liberty after he could not post bond and was held in jail.  Accordingly, summary judgment on that claim was properly granted.

The judgment of the district court is thus AFFIRMED.