# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2013

No. 12-20271
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES L. STRINGER,

Plaintiff-Appellant,

versus

ED PETERS; BOBBY DELAUGHTER; CHARLES KNAUSS;
CHARLES HEDGEPETH; HENRY CLAY, III; et al.,

Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1085

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Charles Stringer appeals the dismissal with prejudice of his action under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Racketeer Influenced and Corrupt Organizations Act ("RICO").  He also seeks appointment of counsel.

An *in forma pauperis* complaint may be dismissed at any time if it is frivolous or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  Because it is not evident whether the district court dismissed Stringer's complaint as frivolous or for failure to state a claim, we review this dismissal under the stricter *de novo* standard.  *See Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).

Examination of Stringer's complaint confirms the district court's assessment that his claims are based on delusional allegations.  The district court therefore properly dismissed the complaint as frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Because we may affirm on any ground that is apparent from the record, *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citing *United States v. Dunigan*, 555 F.3d 501, 508 n.12 (5th Cir. 2009)), it is unnecessary to consider whether Stringer's complaint failed to state a claim upon which relief could be granted.  Although Stringer challenges the dismissal based on various procedural grounds, none of them has merit.  Because the appeal does not contain any legal points arguable on their merits, it is DISMISSED as frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Stringer also contends that the district court should have granted his motion for recusal.  That motion was properly denied.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).  Stringer's motion for appointment of counsel is DENIED.