# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20361
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2014

Lyle W. Cayce
Clerk

WILLIAM HARRIS,

Plaintiff-Appellant

v.

PATRICIA LYKOS, MIKE ANDERSON, Current District Attorney

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-393

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Williams Harris, Texas prisoner # 1122330, was convicted of his estranged wife's murder in 2002. He appeals the district court's dismissal of his 42 U.S.C. § 1983 amended complaint seeking declaratory and injunctive relief ordering the Harris County District Attorney to conduct DNA testing of evidence in its possession or to allow Harris to test the evidence at his own expense. He argues that the district court erred in not determining that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20361

State's failure to release the evidence for DNA testing stated a claim of the denial of his right to due process.

This court conducts de novo review of the district court's dismissal of a complaint for failure to state a claim. *Hart v. Hairston*, 343 F.3d 762, 763-63 (5th Cir. 2003). Texas has created a right to postconviction DNA testing in Article 64.01 of the Texas Code of Criminal Procedure. Among other requirements, the provision requires the convicted person to establish "by a preponderance of the evidence that he would not have been convicted if DNA testing provided exculpatory results." TEX. CODE CRIM. PROC. art. 64.03(a). "Federal courts may upset a State's post-conviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Att'ys Office for Third Jud. Dist. v. Osborne,* 557 U.S. 52, 69 (2009).

Even if DNA testing would show that some other person might have been present at the crime scene, the incriminating evidence presented at trial supports the determination by the state and federal courts that DNA evidence would not have shown by a preponderance of the evidence that Harris would not have been convicted. Harris's allegations do not support a claim that the state procedures governing DNA testing were so "fundamentally inadequate" as to fail to protect his right to due process. *Id.* at 69. The judgment dismissing the complaint is AFFIRMED.