# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11214
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2014

Lyle W. Cayce
Clerk

RAYMOND CHRISTOPH,

Plaintiff-Appellant

v.

C. YOUNG, Sergeant, Dawson State Jail; R. WINFIELD, Assistant Warden, Dawson State Jail; LINDA RICHEY, Regional Director Region IV Texas Department of Criminal Justice; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-2152

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Raymond Christoph, Texas prisoner # 652906, filed a 42 U.S.C. § 1983 complaint against various employees of the Dawson State Jail and the Texas Department of Criminal Justice alleging that they improperly seized his artwork from his prison cell.  Christoph asserted that his constitutional rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the First, Fourth, and Fourteenth Amendments were violated by the confiscation of his artwork. The district court conducted an independent review of the record.

Citing *Parratt v. Taylor*, 451 U.S. 527, 544 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the district court dismissed Christoph's § 1983 complaint for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We review de novo the dismissal for failure to state a claim by accepting the plaintiff's factual allegations as true and determining whether no relief could be granted consistent with those allegations. *See Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003). Under the *Parratt/Hudson* doctrine, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990). The *Parratt/Hudson* doctrine, which affects only procedural due process claims, does not apply to Christoph's First Amendment freedom of expression claim, a substantive constitutional claim. *See Zinermon*, 494 U.S. at 125-28; *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984). As the substantive First Amendment claim could not be properly dismissed under the *Parratt/Hudson* doctrine, the dismissal for failure to state a claim based on the doctrine was error. The dismissal is VACATED, and the case is REMANDED for additional proceedings.