# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10187
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2016

Lyle W. Cayce
Clerk

JOHN ARICK COLEMAN,

Plaintiff-Appellant

v.

LIEUTENANT ALFREDA D. CARRIEON; JULIE M. EVANS; SERGEANT
BRYAN W. ADAMS; CAPTAIN DONALD DEAN, JR.; CAPTAIN NFN
HUTTON; SERGEANT MARTHA E. MAES; SERGEANT MICHAEL W.
VENABLE; OFFICER NFN GONZALES; JOE B. MILBERN; MARK ROTH;
RICK THALER; GREGORY S. DAVID; Assistant Warden; NFN
VOGELSANG, Warden; N. GARCIA, Correctional Officer II,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-116

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

John Arick Coleman, Texas prisoner # 1628667, filed a civil rights
complaint in the district court against various personnel at the Clements Unit
of the Texas Department of Criminal Justice, Institutional Division. His main

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-10187

complaint was one of retaliation related to his efforts to challenge his criminal conviction and to make use of the prison grievance procedures in connection with three prison disciplinary proceedings and an unfavorable job assignment. He complains also that his right to due process was violated during the disciplinary proceedings. He has appealed the district court's order and judgment dismissing the complaint with prejudice as frivolous and without prejudice for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1). Our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

A prison official may not retaliate against an inmate for accessing the courts or using a prison grievance procedure. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (internal quotation marks and citation omitted). Coleman's arguments are wholly conclusional and are based primarily on his personal belief that he is the victim of retaliation. *See Woods*, 60 F.3d at 1166; *see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). He has not shown that the district court erred in disposing of his retaliation and due process claims. The judgment is AFFIRMED.

We WARN Coleman that the district court's dismissal of his complaint as frivolous and as failing to state a claim upon which relief may be granted counts as a strike under § 1915(g) and that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury. *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).

2