# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20337
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2017

Lyle W. Cayce
Clerk

DENNIS C. DAVIS,

Plaintiff-Appellant

v.

FAYETTE COUNTY APPRAISAL DISTRICT; RICHARD MORING, Chief
Appraiser; LINDA WAGNER, Mineral Data Clerk; PERDUE BRANDON
FIELDER COLLINS & MOTT, L.L.P.; JOHN T. BANKS; A. DYLAN WOOD,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1112

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Dennis C. Davis, Texas prisoner # 1597434, appeals the district court's sua sponte dismissal with prejudice of his pro se 42 U.S.C. § 1983 complaint for failure to state a claim. We review the dismissal de novo. *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20337

The district court shall dismiss a complaint in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. However, a plaintiff generally is to be given notice of the perceived inadequacy of the complaint and an opportunity to respond. *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). Here, the district court dismissed Davis's complaint without first alerting him to any deficiencies in the pleading or affording him the opportunity to amend it or to dispute the characterization that it was insufficient. *See id.* Also, the record suggests that the district court failed to review all of the claims in Davis's complaint, including, inter alia, his claims under various federal statutes. On appeal, Davis suggests that he could have amended his complaint to allege more specific facts if he had been informed of his complaint's inadequacies and had an opportunity to respond.

Thus, although we express no opinion on the merits of Davis's complaint, we VACATE the district court's order dismissing the complaint with prejudice and REMAND for further proceedings.