United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 05-50564
Summary Calendar

---

**ROBERT G. HART,**

**Plaintiff-Appellant,**

**versus**

**KENNETH HAIRSTON; ET AL,**

**Defendants,**

**KENNETH HAIRSTON,**

**Defendant-Appellee.**

---

**Appeals from the United States District Court
for the Western District of Texas
(6:01-CV-151)**

---

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert G. Hart, Texas prisoner # 769108, filed this 42 U.S.C. § 1983 action for claimed retaliation by Captain Kenneth Hairston, maintaining Hairston and other prison officials disciplined him for complaining to sanitation inspectors about the prison's kitchen conditions. A jury returned a verdict in favor of Hairston. Proceeding *pro se*, Hart challenges: the trial court's Rule 406

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidentiary ruling; its qualified-immunity jury instruction; and the denial of a new-trial motion based on the sufficiency of the evidence and the prejudicial nature of certain evidence admitted at trial.

Hart contends the district court erred by excluding evidence he proffered pursuant to Federal Rule of Evidence 406 (allowing evidence of personal habit or organizational routine to demonstrate conduct in conformity therewith). Hart fails to show the court abused its discretion because he has *not* established the disputed evidence fell within Rule 406. *See* ***Kona Tech. Corp. v. Southern Pac. Transp. Co.***, 225 F.3d 595, 602 (5th Cir. 2000) (evidentiary rulings reviewed for abuse of discretion); ***Jones v. Southern Pac. R.R.***, 962 F.2d 447, 449 (5th Cir. 1992) ("[e]vidence of habit is not lightly established"); ***Reyes v. Missouri Pac. R.R. Co.***, 589 F.2d 791, 794 (5th Cir.1979) (four prior incidents spanning a three and one-half year period insufficient to establish evidence of habit).

Concerning the jury's finding Hairston entitled to qualified immunity, Hart asserts: the district court erred by instructing the jury on qualified immunity; and Hairston was collaterally estopped from raising such immunity at trial. These contentions are unavailing because our prior opinion for this action did *not* render a final judgment on the qualified-immunity issue. *See* ***Hart v. Hairston***, 343 F.3d 762, 765 (5th Cir. 2003) (holding only that

2

Hairston was not entitled to qualified-immunity summary judgment based on Hart's *alleged* facts); ***Ashe v. Swenson***, 397 U.S. 436, 443 (1970) ("when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties").

Finally, Hart contends the trial court erred by denying his motion for a new trial because: the evidence does not support the jury's verdict; and prejudicial evidence was adduced at trial. The denial of a new-trial motion based on sufficiency of the evidence is reviewed for an abuse of discretion; reversible error exists only when there was an "absolute absence of evidence to support the jury's verdict". ***Whitehead v. Food Max of Miss., Inc.***, 163 F.3d 265, 269 (5th Cir. 1998) (emphasis omitted) (internal quotation marks ommitted). The evidence, including Hairston's testimony that the disciplinary action was *not* retaliatory, was sufficient to uphold the verdict. *See **id.***

The denial of a new-trial motion based on prejudicial acts is reviewed to determine whether a manifest injustice would result from allowing the verdict to stand. ***Johnson v. Ford Motor Co.***, 988 F.2d 573, 582 (5th Cir. 1993). Hart fails to show the purportedly prejudicial evidence resulted in a manifestly unjust verdict. *See **id.***

*AFFIRMED*

3