United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————

No. 06-30334
Summary Calendar

————————

LEVY DICKERSON

Plaintiff - Appellant

v.

BURL CAIN; ROBERT MURRAY; D. JONES; LINDA RAMSEY

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1398
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Levy Dickerson, Louisiana prisoner # 356193, moves this court for leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his pro se and IFP civil rights complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). We construe Dickerson's motion as a challenge to the district court's determination that the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dickerson challenges the district court's dismissal for failure to state a claim, arguing that he was entitled to due process before being placed in Camp J extended lockdown for seven months after being found guilty of the disciplinary infraction of possession of contraband. We review a dismissal for failure to state a claim de novo. Hart v. Hairston, 343 F.3d 762, 763-64 (5th Cir. 2003).

Dickerson has not shown that his placement in Camp J extended lockdown presented an atypical or significant hardship beyond the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003). To the extent that the district court construed Dickerson's complaint as alleging a claim of the issuance of "a false disciplinary report" Dickerson has abandoned such claim by failing to argue it on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Dickerson has failed to establish that he seeks to present a nonfrivolous issue for appeal. Accordingly, his motion for IFP is denied, and the appeal dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We caution Dickerson that he has accumulated two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). If he accumulates three strikes, he may no longer proceed IFP in any

civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g); Carson v. Johnson, 112 F.3d 818, 819-20 (5th Cir. 1997).

MOTION FOR IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.