# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

Lyle W. Cayce
Clerk

No. 11-30928
Summary Calendar

RAYMOND HARRIS,

Plaintiff-Appellant

v.

CARL J. SMITH, Captain; DAVID VOORHIES, Major; LOUIS STROUD, Lieutenant Colonel, Board chairman; REGIALD LAMIRUAL, Classification Officer; JOEL HARRELL, Major, Investigative Services,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-367

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Raymond Harris, Louisiana prisoner # 85555, appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983 after granting the motion for summary judgment filed by the defendants. We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If a motion for summary judgment is properly supported, the opposing party may not rely merely on allegations in its own pleadings, but must, in its response, identify specific evidence in the record and articulate how that evidence supports that party's claims. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). This burden is not satisfied by conclusory allegations or unsubstantiated assertions. *Id.*

Harris argues that the magistrate judge applied incorrect law, overlooking the Supreme Court's opinion in *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010) regarding the quantum of injury required. The magistrate judge found that Harris had failed to establish an Eighth Amendment violation because he had not shown more than a de minimis injury. Harris is correct that the magistrate judge applied the wrong standard after *Wilkins*, which rejected the "de minimis injury" standard. *See Wilkins*, 130 S. Ct. at 1177. However, the district court, noting Harris's objection raising *Wilkins,* determined additionally that Harris had presented "no evidence, except his own conclusory allegations, that force was applied 'maliciously or sadistically to cause harm.'" As the district court correctly noted, all Harris presented to the district court concerning the need for the use of force was his allegations in his pleadings. The allegations in his complaint were unsworn, and Harris offered no evidence in opposition to the defendants' motion for summary judgment. Harris may not rely merely on the allegations in his pleadings. *See Duffie*, 600 F.3d at 371. The district court did not err in granting summary judgment for the defendants on the claim of excessive use of force.

Harris argues that the record shows that Smith retaliated against him by falsely writing him up for possessing marijuana in retaliation for Harris having previously taken too many pills at pill call. The district court correctly concluded that Harris had failed to establish retaliation because he did not show that

No. 11-30928

Smith retaliated against him for engaging in a constitutionally protected activity. *See Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Taking extra pills at pill call is not a constitutionally protected activity. The district court did not err in granting summary judgment for the defendants on Harris's claim of retaliation.

Regarding his claim of a denial of due process at his disciplinary proceedings, Harris argues that the magistrate judge incorrectly stated the facts. He contends that he alleged that he overheard a conversation between Major Voorhies and Classification Officer Ladmirault just before his hearing which suggested that Ladmirault was biased toward a finding of guilt.

A claim that a prisoner was "improperly charged with things he did not do," standing alone, does not state a due process claim. *See Collins v. King*, 743 F.2d 248, 253 (5th Cir. 1984). Although Harris alleges that the disciplinary report was false, he has never affirmatively denied that he possessed the marijuana. Additionally, Harris has not shown the existence of a liberty interest requiring due process, i.e., that his punishment, a change in his custody to maximum -- extended lockdown and four weeks loss of yard privileges, imposed an atypical or significant hardship beyond the ordinary incidents of prison life such that he was deprived of a cognizable liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Dickerson v. Cain*, 241 F. App'x 193, 194 (5th Cir. 2007). The district court did not err in granting summary judgment for the defendants on the claims related to Harris's disciplinary proceedings.

AFFIRMED.