# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2012

Lyle W. Cayce
Clerk

No. 12-30677
Summary Calendar

MARTIN PAUL BROUSSARD,

Plaintiff - Appellant

v.

ASHLEY NELSON; DAVID VIATOR,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:11-CV-1923

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Martin Paul Broussard, Louisiana prisoner # 114817, appeals the district court's dismissing his 42 U.S.C. § 1983 complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), against Ashley Nelson and Warden David Viator (Defendants) for failure to state a claim upon which relief may be granted. In his complaint, Broussard alleged, *inter alia*, that Defendants subjected him to cruel and unusual punishment in violation of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Eighth Amendment while he was incarcerated at the South Louisiana Correctional Center in Basile, Louisiana.

Broussard contends Nelson, a correctional center nurse, failed to: provide prescribed medication despite his repeated requests; timely respond to his emergency call; and render proper treatment once she did respond. He abandons his claims against Warden Viator by not raising them. *E.g., Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

District courts must dismiss prisoner complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B). Such dismissals are reviewed *de novo*. *Hart v. Hairston*, 343 F.3d 762, 763 (5th Cir. 2003). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plaintiff must provide more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

A prison official acts with deliberate indifference if she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To show deliberate indifference, a prisoner must show prison officials "refused to treat him, ignored his complaints, . . . or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs". *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Broussard's complaint fails to show Nelson acted with deliberate indifference. The contention that Nelson twice told Broussard the prison had run out of his prescribed cough medication is insufficient to show a "wanton disregard" for his medical needs, *id.*, and the assertion that Nelson lied to

Broussard about that medication's availability is a "conclusory allegation[] . . . insufficient to [state] a constitutional [claim]". *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Broussard's bare assertion that Nelson delayed in responding to an emergency call likewise fails to make the requisite showing of deliberate indifference. *E.g.*, *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does it "clearly evince" a "wanton disregard" for his medical needs. *Gobert*, 463 F.3d at 346. Broussard characterizes Nelson's examining him after she arrived as "fake" and "lame", but his dissatisfaction with that examination is an insufficient basis for an Eighth Amendment claim. *E.g.*, *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Even if further treatment was advisable, Broussard cannot show Nelson drew the inference that a substantial risk of serious harm existed if it was not provided. *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that [she] should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Id.* at 838.

The dismissal of a complaint under 28 U.S.C. § 1915(b)(1) counts as a "strike" for purposes of § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Broussard is warned that an accumulation of three strikes will preclude his proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.