# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40601
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2014

Lyle W. Cayce
Clerk

JAVIER L. OLIVA,

Plaintiff−Appellant,

versus

WARDEN J. RUPERT; UNKNOWN PARTY, Transporting Officer #1;
UNKNOWN PARTY, Transporting Officer #2;
LIEUTENANT UNKNOWN MATTHEWS;
LIEUTENANT UNKNOWN CORN; JOHNSON UNKNOWN,

Defendants−Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CV-349

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Oliva, Texas prisoner # 1409172, appeals the dismissal of his *in*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*forma pauperis* 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim.  In his first amended complaint, Oliva raised Eighth Amendment claims against Warden J. Rupert and two unnamed transporting officers arising from Oliva's fall while exiting a prison van.

A complaint is frivolous if it lacks "an arguable basis in law or fact," and dismissal on that ground is reviewed for abuse of discretion.  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).  Dismissal for failure to state a claim is reviewed *de novo*, applying the standard used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hart v. Hairston*, 343 F.3d 762, 763−64 (5th Cir. 2003).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  Because the district court dismissed the complaint both as frivolous and for failure to state a claim, the dismissal is reviewed *de novo*.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Oliva's allegations against the two transporting officers state, at most, claims for negligence and therefore not valid § 1983 claims.  *See Daniels v. Williams*, 474 U.S. 327, 332-36 (1986).  Oliva does not allege facts showing either that Rupert was directly involved in the events at issue or that there was a sufficient causal connection between Rupert's conduct and those events.

No. 13-40601

*See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).   Nor has Oliva pleaded facts sufficient to state a valid claim that Rupert failed to supervise or train the transporting officers.   *See Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).   Finally, though Oliva contends that the district court erred by denying him leave to amend his complaint for a second time, he fails to show that the court abused its discretion, particularly given the futility of the claims that he sought to add through the amendment.   *See* FED. R. CIV. P. 15(a)(2); *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

The appeal is without arguable merit and is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal as frivolous and for failure to state a claim count as one strike each for purposes of § 1915(g).   *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Oliva that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.   *See* § 1915(g).  Oliva's motion for appointment of counsel is DENIED.