# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40763

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2014

Lyle W. Cayce
Clerk

NORMAN LEE BIRL, JR.,

Plaintiff-Appellant

v.

NATRENIA HICKS; GREGG OLIVER,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:12-CV-142

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Norman Lee Birl, Jr., Texas inmate # 591717, seeks leave to proceed in forma pauperis (IFP) in his appeal of the presiding judge's 28 U.S.C. § 1915A dismissal of his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim for which relief may be granted. He also asks for the appointment of counsel.

By moving to proceed IFP, Birl is challenging the judge's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40763

(5th Cir. 1997); FED. R. APP. P. 24(a)(5).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We review the dismissal of Birl's complaint de novo.  *See Samford v. Dretke*, 562 F.3d 674, 678, 682 (5th Cir. 2009).  A complaint is frivolous if it lacks "an arguable basis in law or fact."  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).  To state a claim for relief for which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 562 U.S. 662, 678 (2009) (2009) (internal quotation marks and citation omitted); *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).

Birl argues that his suit should not have been dismissed because Natrenia Hicks's confiscation and subsequent destruction of his legal property was an act of retaliation directly related to a civil action he had filed against her friend and coworker in another proceeding.  To establish a claim of retaliation, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Birl's argument, construed broadly, is that Hicks's retaliatory conduct violated his constitutionally protected right of access to the courts.  *See Jones v. Greninger*, 188 F.3d 322, 325-26 (5th Cir. 1999).  Prisoners have a constitutional right under the First Amendment to access the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  Although inmates have a constitutionally-protected right of access to the courts, to prevail on such a claim a prisoner

No. 13-40763

must show actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). Such an injury occurs when an inmate "shows that an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356.

Birl does not demonstrate that any claim was lost or rejected because of Hicks's conduct and, therefore, fails to state a claim for which relief may be granted. *See Driggers v. Cruz*, 740 F.3d 333, 337 (5th Cir 2014). Birl's personal belief that he was the victim of retaliation is not sufficient to support a retaliation claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Accordingly, Birl fails to show that the presiding judge erred in concluding that his suit was frivolous and that he failed to state a claim for which relief could be granted. *See Lewis*, 518 U.S. at 349-52; *Driggers*, 740 F.3d at 337.

Nor has Birl shown that the judge erred in certifying that his appeal was not taken in good faith. *See Baugh*, 117 F.3d at 202. He has also failed to show that his appeal involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, his IFP motion and his request for the appointment of counsel are DENIED. Birl's appeal is frivolous and is therefore DISMISSED. *See id.* at 219-20; 5TH CIR. R. 42.2. The dismissal of Birl's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Birl is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).