### Illinois Cent. R. Co. v. Mississippi Cotton Seed Products Co.

(Division A. May 15, 1933.)

[148 So. 371. No. 30590.]

May, Sanders, McLaurin & Byrd, of Jackson, Chas. N. Burch, of Memphis, Tennessee, and R. V. Fletcher, of Chicago, Illinois, for appellant.

584

Lotterhos & Travis, of Jackson, for appellee.

Argued orally by **J. L. Byrd**, for appellant, and by **Fred Lotterhos**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued and obtained a judgment against the appellant for an alleged overcharge of freight on several shipments of cotton seed from points on the Gulf & Ship Island Railroad consigned to the appellee at Hazlehurst, Mississippi. The Gulf & Ship Island Railroad Company and the Illinois Central Railroad Com-

pany are connecting carriers, and Hazlehurst is on the Illinois Central Railroad. The freight charges were collected by the Illinois Central Railroad, and were in accord with the through joint tariff of the two railroads; the Illinois Central Railroad paying to the Gulf & Ship Island Railroad its part thereof. That part of the freight charges collected covering the transportation of the cotton seed over the Gulf & Ship Island Railroad was not in accord with the freight tariffs approved by the Mississippi Railroad Commission, but was in accord with a provision of the Gulf & Ship Island Railroad's charter of incorporation. This provision is as follows:

"Sec. 19. Be it further enacted, that said company shall have and possess the power of fixing, from time to time, by its board of directors, the rates at which it will do express or telegraph business, and also the rates at which said company will transport persons or property over its railroads and branches; provided said last mentioned rates, shall not exceed four cents per mile for each passenger, nor exceed the following rates on freights: sixty-five cents per hundred pounds for transporting first, or second class freights one hundred miles or less; forty-five cents per hundred pounds for transporting third or fourth class freight one hundred miles or less; thirty-two cents per hundred pounds, for transporting fifth or sixth class freights one hundred miles or less; (reference being had herein to the classification of freights now recognized and observed on the existing line between New Orleans and Jackson, Mississippi), but in no case shall the railroad company be limited to a less charge than twenty-five cents, for the transportation of any passenger, or parcel, or package or article, however short the distance. The rates so established from time to time by the said board of directors, for transporting persons or property as a railroad company, not exceeding the maximum rates for said railroad busi-

ness as above set out, may be charged and collected by said company.'' Laws of 1882, chapter 542.

All of the corporate stock of the Gulf & Ship Island Railroad Company is owned by the Mississippi Valley Company, a holding corporation, and all of the stock of the Mississippi Valley Company is owned by the Illinois Central Railroad Company. The Gulf & Ship Island Railroad Company operates its road in conjunction with and as a part of the Illinois Central system, but it maintains its separate corporate organization, its directors being elected by the owner of its corporate stock, the Mississippi Valley Company.

The appellee's contentions are: First, the charter right of the Gulf & Ship Island Railroad Company to fix its freight rates has been lost, because, they say, it has been merged with and become, for all practical purposes, a part of the Illinois Central Railroad Company; second, that the Gulf & Ship Island Railroad's charter right to fix its freight charges applies only to local shipments on its own railroad, and does not authorize it to exercise that power when joining with another railroad company in fixing a through rate on commodities transported from points on its railroad to points on the railroad of the other company; and, third, that it does not appear from the record that the freight rate complained of was fixed by the board of directors of the Gulf & Ship Island Railroad Company.

A corporation is an entity separate and distinct from its stockholders. The Gulf & Ship Island Railroad Company, therefore, has not lost its corporate entity either because of the purchase of all of its corporate stock by the Mississippi Valley Company or because its railroad is being operated by it as a part of the Illinois Central Railroad system. The railroad itself is still owned and controlled by the Gulf & Ship Island Railroad Company, and the control which the Illinois Central Railroad Company has thereover being such only as results from its

control over the election of the Gulf & Ship Island Railroad Company's board of directors. 7 R. C. L. 25 and 707; Pullman's Palace-Car Co. v. Missouri Pacific R. Co., 115 U. S. 587, 6 S. Ct. 194, 29 L. Ed. 499; Peterson v. Chicago, R. I. & P. R. Co., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841.

The Illinois Central Railroad Company is a foreign corporation, but section 197 of the Constitution, invoked by the appellee, has no application here. If that section of the Constitution has been here violated, as to which we express no opinion, the state only can take advantage thereof.

The appellee's second contention is without merit. The charter does not expressly limit the Gulf & Ship Island Railroad Company's right to fix its freight charges on commodities transported by it only when such commodities are transported from one point on its line to another thereon, and to so limit it by construction is not warranted by any of the charter's implications, and would strip the right of any practical value. Of course, the transportation charges of a railroad to which the Gulf & Ship Island Railroad Company delivers commodities for further transportation are not governed and cannot be affected by the right of the Gulf & Ship Island Railroad Company to fix the transportation charges over its own road. In other words, in fixing joint freight tariffs with other railroads for the transportation of commodities from points on its railroad to points on other railroads, the Gulf & Ship Island Railroad Company can act on its charter right to fix freight rates only as to that portion of the through tariff covering the transportation of commodities over its own railroad.

The appellee's third contention does not arise on this record. The case was tried in part on an agreed statement of facts, one of the stipulations of which is that "they (referring to the parties hereto) do agree that" the freight tariffs here under consideration "were law-

ful tariffs binding on the Gulf & Ship Island Railroad Company and the Illinois Central Railroad Company to the extent shown by the terms of said tariffs, copies of which tariffs may be introduced and read in evidence at the trial without formal proof." As we understand this agreement, and the course of the trial in the court below indicates, it was intended thereby to permit the appellant to introduce the freight tariffs without proving the method of their adoption.

Reversed, and cause dismissed.