Cupit/Moak Motion
Cupit/Moak contend that they have priority over MCF and WAG because they hold a "valid and enforceable agreement with Flechas that gives them legal priority over any of the subsequent claims of these creditors."[26] Cupit/Moak contend that the Uniform Commercial Code (UCC) does not apply to their Contract, or if it does, their Contract is exempt from the UCC.
Consequently, out of the $2,000,000.00 (Simon Litigation Funds), Cupit/Moak claim they are entitled to the total amount of $231,050.00. This figure includes $131,250.00 as 15% of Flechas' 50% contingent fee from the Simon Litigation plus the original $99,800.00 loaned to Flechas via the Cupit/Moak Contract.
MCF Motion
MCF disputes Cupit/Moak's claim that they have a valid first lien on the Simon Litigation Funds. MCF alleges that the UCC does apply to the Cupit/Moak Contract. MCF asserts that even though Cupit/Moak entered into the Cupit/Moak Contract with Flechas before MCF entered into its contract with the Debtor, MCF has a valid first lien on the Simon Litigation Funds because unlike Cupit/Moak, MCF perfected its security interest in the Simon Litigation Funds with the filing of UCC-1 financing statements.
WAG Joinder
On July 17, 2018, WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC (Adv. Dkt. # 184) (WAG Joinder) was filed. In the WAG Joinder, WAG joined the MCF Motion with respect to MCF's position that MCF has a superior lien over Cupit/Moak, but "vehemently disputes the 'fact' set forth in the MCF Motion and MCF Brief that MCF possesses a 'first, perfected, secured lien and [the interpleaded funds] should be distributed to MCF AF.' "[27] Rather, WAG contends that MCS Capital, LLC has a first lien on the Simon Litigation Funds. Since the WAG Contract states that WAG's interest "shall be limited to fees remaining AFTER MCS Capital, LLC has been paid[,]"[28] WAG contends this provision gives it priority over MCF. After the final response was filed to the WAG Joinder, the Court took the matter under advisement.
District Court Litigation
As mentioned previously, in addition to litigation in Jefferson County, Mississippi, the parties were involved in litigation before the Honorable Daniel P. Jordan, III, in the United States District Court for the Southern District of Mississippi.[29] On May 8, 2015, an Agreed Order (Dkt. # 184) was entered in this Court holding the two bankruptcy cases in abeyance and allowing the parties to litigate the issue of lien priority among the various claimants before Judge Jordan.[30]
*647 After much litigation in District Court, WAG, MCF, and Cupit/Moak each entered into settlement agreements with the Debtor and Flechas in the District Court Litigation. On October 19, 2016, the Agreed Final Judgment in Favor of WAG, LLC (Dt. Crt. Dkt. No. 318) (WAG Judgment) was entered. In the WAG Judgment, WAG was granted a final judgment against the Debtor, Flechas, and The Flechas Law Firm, PLLC, jointly and severally, in the amount of $137,500.00 plus post-judgment interest. The WAG Judgment further states that it is nondischargeable.
On November 7, 2016, the Agreed Final Judgment (Dt. Crt. Dkt. No. 320) (Cupit/Moak Judgment) was entered. In the Cupit/Moak Judgment, Cupit/Moak were awarded a final judgment against Flechas in the amount of $125,000.00 plus post-judgment interest. The judgment further states that "[t]his judgment shall constitute a lien and/or security interest on such portion of Flechas' attorney [sic] fees from the [Simon Litigation] assigned to Moak and Cupit to the same extent that the initial assignment was considered as a lien and/or security interest against said fees."[31]
On July 20, 2017, the Agreed Findings of Fact, Conclusions of Law and Final Judgment in Favor of MCF AF LLC (Dt. Crt. Dkt. No. 323) (MCF Judgment) was entered. In the MCF Judgment, MCF was granted a final judgment against the Debtor, Flechas, and The Flechas Law Firm, PLLC, jointly and severally, in the amount of $400,000.00 plus post-judgment interest. The MCF Judgment further states that it is nondischargeable.
CONCLUSIONS OF LAW
I. Jurisdiction
This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (2)(K).
II. Summary Judgment Standards
Rule 56 of the Federal Rules of Civil Procedure,[32] as amended effective December 1, 2010,[33] provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)."
*648 Newton v. Bank of America (In re Greene), 2011 WL 864971, at *4 (Bankr. E.D. Tenn. March 11, 2011).
"The moving party bears the burden of showing the ... court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett , 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)." Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003).
Once a motion for summary judgment is pled and properly supported, the burden shifts to the non-moving party to prove that there are genuine disputes as to material facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, ... admissions, interrogatory answers, or other materials."[34] Or the non-moving party may "show[ ] that the materials cited do not establish the absence ... of a genuine dispute."[35] When proving that there are genuine disputes as to material facts, the non-moving party cannot rely "solely on allegations or denials contained in the pleadings or 'mere scintilla of evidence in support of the nonmoving party will not be sufficient.' Nye v. CSX Transp., Inc., 437 F.3d 556, 563 (6th Cir. 2006) ; See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp. , 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)." Newton, 2011 WL 864971, at *4. "[T]he nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action." Malacara v. Garber, 353 F.3d 393, 404 (5th Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " Matsushita, 106 S.Ct. at 1356 (citations omitted).
When considering a motion for summary judgment, the court must view the pleadings and evidentiary material, and the reasonable inferences to be drawn therefrom, in the light most favorable to the non-moving party, and the motion should be granted only where there is no genuine issue of material fact. Thatcher v. Brennan , 657 F.Supp. 6, 7 (S.D. Miss. 1986), aff'd , 816 F.2d 675 (5th Cir. 1987) (citing Walker v. U-Haul Co. of Miss. , 734 F.2d 1068, 1070-71 (5th Cir. 1984) ); See also Matshushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp. , 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538, 553 (1986). The court must decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).
III. Application to the Case at Bar
A. Judgments
As a preliminary matter, the Court must address the effect of the agreed judgments Cupit/Moak, MCF, and WAG entered into in the District Court Litigation. The bankruptcy cases of Flechas and the Debtor were held in abeyance to allow the parties to litigate the validity and extent of their liens. Before the District Court Litigation went to trial before Judge Jordan, all of the parties entered into agreed judgements and/settlements:
(1) The Cupit/Moak Judgment, awarded Cupit/Moak a final judgment against Flechas in the amount of $125,000.00 plus post-judgment interest;
(2) The WAG Judgment granted WAG a final judgment against the Debtor, *649 Flechas, and The Flechas Law Firm, PLLC, jointly and severally, in the amount of $137,500.00 plus post-judgment interest; and
(3) The MCF Judgment granted MCF a final judgment against the Debtor, Flechas, and The Flechas Law Firm, PLLC, jointly and severally, in the amount of $400,000.00 plus post-judgment interest.
Black's Law Dictionary defines a judgment as "[a] court's final determination of the rights and obligations of the parties in a case."[36] Jones v. Bd. of Sup. of the La. Univ. Syst. , Case No. 14-2304, 2016 WL 5362700, at *2, n.1 (E.D. La. Sept. 26, 2016). An agreed judgment is defined as "[a] settlement that becomes a court judgment when the judge sanctions it. • In effect, an agreed judgment is merely a contract acknowledged in open court and ordered to be recorded, but it binds the parties as fully as other judgments."[37]
In the Court of Appeals for the Fifth Circuit, the fact that a judgment resolving a dispute is reached by agreement rather than after a hearing on the merits does not mean that the judgment has no res judicata effect. "An agreed judgment is entitled to full res judicata effect. United States v. International Building Co. , 345 U.S. 502, 505-06, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953) ; Jones v. Texas Tech Univ. , 656 F.2d 1137, 1144 (5th Cir.1981) ; Kaspar Wire Works, Inc. v. Leco Engineering & Mach., Inc. , 575 F.2d 530, 538-39 (5th Cir. 1978)." United States v. Shanbaum , 10 F.3d 305, 313-14 (5th Cir. 1994).
Consequently, when Cupit/Moak, MCF, and WAG settled their claims in District Court and entered into agreed final judgments, the extent and validity of their claims against the Debtor and/or Flechas were finally determined and memorialized in the judgments.
B. Priority
Once the validity and extent of the claims of Cupit/Moak, MCF, and WAG were established in the District Court Litigation, the parties returned to the Bankruptcy Court to have the issue of the priority of their claims adjudicated. The parties all agree that the Cupit/Moak Contract is first in time, but then the question arises of whether Cupit/Moak have first priority.
The parties have thoroughly briefed the issues which they believe relate to who has first priority. The main arguments the parties have briefed are: (1) whether Article 9 of the U.C.C. applies to the Cupit/Moak Contract; (2) if Article 9 applies, is the Cupit/Moak Contract an account or an instrument ; and (3) does any provision of Article 9 exclude the Cupit/Moak Contract from the filing requirements of Article 9.
The Court, however, believes the question of which party has first priority should not be decided on the basis of whether the U.C.C. or common law applies. Rather, the Court finds that the priority of the parties can be determined upon an examination of the Employment Contracts and the contracts Cupit/Moak, MCF, and WAG entered into with the Debtor and/or Flechas.
1. Breach of Contract
It is undisputed that the Debtor and Flechas entered into written contracts with Cupit/Moak, MCF, and WAG. The issue then becomes whether Flechas and the Debtor have breached the contracts with Cupit/Moak, MCF, and WAG.
*650 Under Mississippi law, in order to establish a breach of contract, Cupit/Moak, MCF, and WAG each have the separate burden of proving: "(1) the existence of a valid and binding contract between it and [Flechas and/or the Debtor], (2) that [Flechas and/or the Debtor] breached the contract to which it was a party, and (3) that [Cupit/Moak, MCF, and WAG were] damaged monetarily." United Plumbing & Heating Co., Inc. v. AmSouth Bank, 30 So.3d 343, 347, (¶ 12) (Miss. App. 2009) (citation omitted).
It is evident that the parties have proven the second and third element: that Flechas and/or the Debtor's failure to pay was a breach of the contracts with Cupit/Moak, MCF, and WAG and that Cupit/Moak, MCF, and WAG each suffered monetary damages as a result of the breach. Therefore, in order to establish a breach of contract and to be entitled to damages, the parties must establish the first element-the existence of a valid and binding contract between the parties.
In order to prove the existence of a valid and binding contract, "Mississippi law is clear that, 'in order to maintain an action to enforce a breach of contract or to recover damages growing out of a breach, a relationship of privity of contract must exist between the party damaged and the party sought to be held liable for the breach.' Allgood v. Bradford, 473 So.2d 402, 415 (Miss. 1985) (citing Burns v. Washington Savings, 251 Miss. 789, 171 So.2d 322, 324 (1965) )."[38]
Upon examination of the Employment Contracts the Simon Litigation plaintiffs signed, each contract[39] states that the plaintiff "hereby employ the law firm of Flechas & Associated , [sic] P.A. "Attorney", to represent me in my claim against Texaco/Chevron."[40] The contracts are signed on behalf of Flechas & Associates, P.A. by Eduardo Flechas. In order to determine whether privity of contract exists, the Court must examine each contract.
2. Contract Interpretation
Under Mississippi law, when interpreting a contract, a court must undertake a three-step analysis of the contract:
We generally apply a three-step analysis when reviewing contract interpretation. Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc. , 857 So.2d 748, 752 (¶ 10) (Miss.2003). The first step requires that we determine whether the contract is ambiguous. Id. If it is not, we must "accept the plain meaning of a contract as the intent of the parties." Ferrara v. Walters , 919 So.2d 876, 882 (¶ 13) (Miss.2005) (citations omitted). If we cannot ascertain the contract's meaning and the parties' intent within the contract's "four corners," we apply the " 'canons' of contract construction." Cherokee Ins. Co. v. Babin , 37 So.3d 45, 48 (¶ 8) (Miss.2010). If the meaning of the contract is still ambiguous, we turn to extrinsic evidence. Royer Homes , 857 So.2d at 753 (¶ 11).
Martindale v. Hortman Harlow Bassi Robinson & McDaniel PLLC , 119 So.3d 338, 342 (Miss. Ct. App. 2012).
*651 Applying the first step to the three contracts before the Court, the Court finds that none of the three (3) contracts are ambiguous. Therefore, the Court must " 'accept the plain meaning of [the contracts] as the intention of the parties.' " Id. (citation omitted).
a. Cupit/Moak
Looking to the Cupit/Moak Contract, the contract is "between Eduardo A. Flechas ("Flechas"), Danny Cupit ("Cupit"), and Robert W. "Bobby" Moak ("Moak")."[41] Likewise, the Cupit/Moak Judgment is against Eduardo A. Flechas only.[42]
The plain reading of the Cupit/Moak Contract is that it is between Cupit/Moak and Flechas. Therefore, Cupit/Moak has privity of contract with Flechas and has a claim against Flechas for breach of the Cupit/Moak Contract.
Cupit/Moak does not, however, have privity of contract with the entity entitled to the attorney's fees from the Simon Litigation-the Debtor. The Debtor (Flechas & Associates, P.A.) is the party that entered into the Employment Contracts with the Simon Litigation plaintiffs and the party that is entitled to the attorney's fees from the Simon Litigation. As the only party to the Employment Contracts, only the Debtor could enter into a contract to assign a percentage of the attorney's fees from the Simon Litigation. While Flechas may be the only member of the Debtor, "[a] corporation is [an] entity separate and distinct from its stockholders. Ill. Cent. RR. v. Miss. Cotton Seed Prod., Co., 166 Miss. 579, 148 So. 371, 372 (1933)." Rosson v. McFarland , 962 So.2d 1279, 1284, (¶ 22) (Miss. 2007).[43]
The Court finds " 'no contract, statute, or law that would establish that [Flechas & Associates, P.A.] had a duty to ... pay money to [Cupit/Moak,] a party it was not obligated to pay.' " United Plumbing, 30 So.3d at 347. (quoting trial judge). Since, Cupit/Moak does not have privity of contract with the Debtor, Cupit/Moak does not have a valid and binding contract with the Debtor. Consequently, Cupit/Moak does not have a lien on any attorney's fee earned by the Debtor in the Simon Litigation.
b. MCF/WAG
Unlike the Cupit/Moak Contract, both the MCF Contract and the WAG Contract are with the Debtor, Flechas & Associates, P.A.[44] Therefore, both MCF and WAG have privity of contract with the Debtor and have met all three elements to establish a breach of contract claim against the Debtor. The Court must now determine whether MCF or WAG has first priority.
WAG agrees with MCF that MCF "is properly perfected and that is [sic] stands ahead of Moak/Cupit's place in the line of lien priority....[however] WAG contends that MCS Capital, LLC ("MCS") hold the priority position among creditors"[45] on the *652 Simon Litigation Funds.[46] WAG contends that since the WAG Contract states that WAG's interest "shall be limited to fees remaining AFTER MCS Capital, LLC has been paid[,]"[47] WAG has priority over MCF. WAG does not cite any authority to support its position that it has priority over MCF via MCS Capital, LLC.
MCF disagrees and asserts that it has priority over MCS Capital, LLC and WAG. MCF states that before MCF filed its motion for summary judgment, MCF and MCS Capital, LLC reached a settlement with regard to claim priority over the Simon Litigation Funds. Therefore, MCF states that MCS Capital, LLC is no longer asserting a claim to the Simon Litigation Funds.[48]
The Court acknowledges that an order has not been entered memorializing the settlement between MCS Capital, LLC and MCF. The Scheduling Order for Dispositive Motions (Adv. Dkt. # 159) was, however, served on MCS Capital, LLC (see Adv. Dkt. # 160). MCS Capital, LLC did not file a dispositive motion claiming an interest in the Simon Litigation Funds nor has MCS Capital, LLC filed pleadings in response to any of the summary judgment motions which were filed in this adversary proceeding.
Due to MCS Capital, LLC's lack of participation in the motions before the Court, the Court finds that MCS Capital, LLC is no longer claiming an interest in the Simon Litigation Funds. Consequently, the Court does not find WAG's argument that MCS Capital, LLC has a first priority on the Simon Litigation Funds to be persuasive.
Since the MCF Contract was entered into on March 15, 2011, and as conceded by WAG,[49] was properly perfected with the filing of a Financing Statement fourteen (14) months before the WAG Contract was signed, the Court finds that MCF holds a valid first lien on the Simon Litigation Funds.
CONCLUSION
None of the parties have shown the existence of "disputes over facts that might affect the outcome of the suit under the governing law [in order to] properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248, 106 S.Ct. 2505. Consequently, the Court must grant summary judgment as a matter of law.
In order to establish a breach of contract, the parties have to show a valid and binding contract, a breach of that contract, and damages. It is undisputed that Cupit/Moak, MCF, and WAG had valid and binding contracts, but the pivotal question is with whom. The Cupit/Moak Contract is a valid and binding contract with Flechas. The MCF Contract and WAG Contract are valid and binding contracts with the Debtor.
*653 The Employment Contracts were not signed by Flechas in his individual capacity. Since the Employment Contracts were between the Simon Litigation plaintiffs and the Debtor, the Debtor is the only party who could enter into a contract to sell or assign the attorney's fees associated with the Employment Contracts. Cupit/Moak do not have privity of contract with the Debtor, therefore, Cupit/Moak do not have a lien on the fees earned by the Debtor in the Simon Litigation. Therefore, as a matter of law, the Cupit/Moak Motion should be denied.
The MCF Contract and Financing Statement pre-date the WAG Contract. The Court finds that WAG cannot "piggy-back" on MCS Capital, LLC's contract with Flechas and the Debtor in order to gain priority over MCF. For these reasons, the Court finds that summary judgment should be granted as a matter of law in favor of MCF and that MCF has a first priority lien on the $240,295.29 interplead into the registry of the Court.
To the extent the Court has not addressed any of the parties' other arguments or positions, it has considered them and determined that they would not alter the result.
A separate judgment consistent with this opinion will be entered in accordance with Rule 7054 of the Federal Rules of Bankruptcy Procedure.
SO ORDERED

Motion of Bobby Moak and Danny E. Cupit for Summary Judgment , Adv. Pro. # 1700006EE, Adv. Dkt. # 161, p. 11, ¶ 34, June 8, 2018.

WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC , Adv. Pro. No. 1700006EE, Adv. Dkt. # 184, p. 2, July 17, 2018.

Id. at Adv. Dkt. # 184-1, p. 3.

Dt. Crt. Case No. 3:13-cv-00621-DPJ-FKB.

Several subsequent orders were entered allowing the parties to litigate the validity, priority, and extent of the creditors claims against the Debtor and Flechas. See Dkt. # 200 and Dkt. # 203 in case number 1303549EE.

Agreed Final Judgment, Dt. Crt. Case No. 3:13-cv-00621-DPJ-FKB, Dt. Ct. Dkt. # 320, p. 2, Nov. 7, 2016.

Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

The Notes of Advisory Committee to the 2010 amendments state that the standard for granting a motion for summary judgment has not changed, that is, there must be no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Further, "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases."

Fed. R. Bankr. P. 7056(c)(1)(A).

Fed. R. Bankr. P. 7056(c)(1)(B).

JUDGMENT, Black's Law Dictionary (10th ed. 2014).

Id.

Saucier v. Coldwell Banker JME Realty, 644 F.Supp.2d 769, 780 (S.D. Miss. 2007).

The Simon Litigation was filed by a total of five (5) plaintiffs. Attached to a brief by MCF are copies of four (4) of the five (5) contracts. (The contract with Ken'Driana Gibbs is not included.) With no proof to the contrary, the Court presumes the Gibbs contract is identical to the other contracts.

MCF AF, LLC's Reply Memorandum in Support of Its Motion for Summary Judgment , Adv. Pro. No. 1700006EE, Adv. Dkt. # 182-2, Exhibit 2, (July 6, 2018) (emphasis added).

Affidavit of Robert W. "Bobby" Moak , Adv. Proc. No. 1700006EE, Adv. Dkt. # 161-1, Exhibit A-1, p. 1 (June 8, 2018).

Agreed Final Judgment, Dt. Crt. Case No. 3:13-cv-00621-DPJ-FKB, Dt. Ct. Dkt. # 320, p. 2, Nov. 7, 2016.

"The Mississippi Business Corporation Act applies to professional corporations, both domestic and foreign, to the extent not inconsistent with the provisions of this chapter." Miss. Code. Ann. § 79-10-3 (1972).

The WAG Contract is also with Eduardo Flechas, Esq.

WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC , Adv. Pro. No. 1700006EE, Adv. Dkt. # 184, p. 2, July 17, 2018.

Attached to the MCS Capital, LLC Proof of Claim (Claim Dkt. # 12-1) is a copy of the MCS Capital, LLC contract. The first line of the contract states that it is between "Eduardo Flechas, Esq., individually, and Flechas & Associates, P.A. and MCS Capital LLC."

Id. at Adv. Dkt. # 184-1, p. 3.

MCF AF LLC's Supplement to Its Reply Memorandum in Support of Its Motion for Summary Judgment, Adv. Pro. No. 1700006EE, Adv. Dkt. # 186, p. 2, July 26, 2018.

WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC , Adv. Pro. No. 1700006EE, Adv. Dkt. # 184, p. 2, July 17, 2018.