# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2013

No. 12-60357
Summary Calendar

Lyle W. Cayce
Clerk

DAVID CHATMAN,

Plaintiff-Appellee

v.

KEITH MILES, in his individual capacity,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:09-CV-205

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Chatman, Mississippi prisoner # 30344, filed a 42 U.S.C. § 1983 lawsuit against several defendants, including Keith Miles,[1] for violations of his constitutional rights while he was a pretrial detainee in 2008.[2] Chatman alleged that Miles, a narcotics officer with the Adams County Sheriff's Office, used

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Miles's last name is correctly spelled "Myles."

[2] Miles is the only remaining defendant in the suit. The other defendants were either dismissed pursuant to a settlement agreement or were granted summary judgment.

excessive force against him, resulting in injuries to his neck.  The parties consented to proceed before a magistrate judge (MJ).  Miles moved for summary judgment, asserting, inter alia, that he was entitled to qualified immunity.  The MJ observed that Miles's version of events was "significantly different from Chatman's sworn hearing testimony."  The MJ found that the evidence in the record raised "questions of fact as to whether Chatman presented a danger to anyone when he was taken into the room; whether any threat perceived by Miles was reasonable; whether force was necessary under the circumstances; and whether the force used was commensurate with the need for force, if any."  Because "[e]xactly what transpired in the room at the jail remains in dispute," and because a jury could find that Miles violated Chatman's right to be free from excessive force if Chatman's version of the events is credited, the MJ concluded that there were genuine issues of material fact regarding whether Miles was entitled to qualified immunity.  Accordingly, the MJ denied Miles's motion for summary judgment.

Miles filed an interlocutory appeal challenging the denial of his summary judgment motion based on qualified immunity.  The denial of a motion for summary judgment based upon qualified immunity is a collateral order capable of immediate review.  *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  However, the court's jurisdiction to review the denial is "significantly limited," extending to questions of law only.  *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc).  "Whenever the district court denies an official's motion for summary judgment predicated upon qualified immunity, the district court can be thought of as making two distinct determinations, even if only implicitly."  *Kinney*, 367 F.3d at 346.  "First, the district court decides that a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law.  Second, the court decides that a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct."  *Id.* "According to the Supreme Court, as well as [this court's] own precedents, [this

court] lack[s] jurisdiction to review conclusions of the *second* type on interlocutory appeal." *Id.* "[The court does], however, have jurisdiction to the review the *first* type of determination, the purely legal question whether a given course of conduct would be objectively unreasonable in light of clearly established law." *Id.* at 347.

On appeal, Miles argues that the use of force was reasonable and necessary because Chatman lunged at him and Miles perceived Chatman as being dangerous to himself or others in the room. He further argues that Chatman suffered no more than a de minimis injury and that any lingering problems with his neck were related to a subsequent injury. Miles's arguments are directed at the truth of the factual allegations made by Chatman. By arguing that the force was justified in this case, Miles is essentially challenging the MJ's determination that genuine issues of material fact exist regarding exactly what took place in the room off of the booking room. This is precisely the type of question that the court lacks jurisdiction to entertain in this interlocutory appeal. *See Kinney*, 367 F.3d at 346. Accordingly, the appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.