# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2024

Lyle W. Cayce
Clerk

No. 22-40755

Blaze Hicks,

*Plaintiff—Appellee*,

*versus*

Kerry Perry, *Jailor*,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:19-CV-212

---

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Blaze Hicks, a Texas prisoner, filed a lawsuit pursuant to 42 U.S.C. § 1983 against several defendants, including Kerry Perry, for violations of his constitutional rights while he was a pretrial detainee in 2019.[1] Hicks alleged that Perry, a jailer at the Tyler County Jail, used excessive force

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Perry is the only remaining defendant in the suit. The other defendants were either dismissed without prejudice or were granted summary judgment.

against him without provocation, resulting in a head injury.[2] Proceeding before a magistrate judge, Perry moved for summary judgment, asserting, *inter alia*, that he was entitled to qualified immunity. The magistrate judge observed that Perry's version of events was "vastly different" from Hicks's. Perry alleges that he acted to subdue Hicks because Hicks "became agitated and started yelling" at his visiting grandparents and "slammed the receiver of the telephone in the visitation area, leapt from his seat, punched a metal door, and punched a concrete wall." The magistrate judge found that record evidence raised a "genuine issue of material fact regarding the circumstances of the use of force." Because "[a]t the summary judgment stage, the court may not make credibility determinations and must accept [Hicks's] version of the facts as true," the magistrate judge concluded that "Perry is not entitled to qualified immunity at this stage." Accordingly, it denied Perry's motion for summary judgment on the excessive force claim.

Perry filed an interlocutory appeal challenging the denial of summary judgment based on qualified immunity. The denial of a motion for summary judgment based on qualified immunity is a collateral order capable of immediate review. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, our jurisdiction to review the denial is "significantly limited," extending only to questions of law. *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc). When a district court denies an official's summary judgment motion based on qualified immunity, "the district court can be thought of as

---

[2] We accept as competent summary judgment evidence factual assertions made in a *pro se* prisoner's verified complaint under penalty of perjury because the facts are based on the prisoner's personal knowledge. *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit."); *see also* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge . . . .").

making two distinct determinations"—that is, the district court first "decides that a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law. Second, the court decides that a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct." *Ibid.* We "lack jurisdiction to review conclusions of the *second* type on interlocutory appeal." *Ibid.* However, we do have "jurisdiction to the review the *first* type of determination, the purely legal question whether a given course of conduct would be objectively unreasonable in light of clearly established law." *Id.* at 347.

On appeal, Perry argues that the use of force was reasonable and necessary because Hicks threatened the safety and security of the jail when he created a disturbance in the visitation room, refused to obey an order to end the visit, and then charged at and wrestled with Perry. Perry's arguments are directed at the truth of Hicks's factual allegations, who claimed he merely "asked why" his visitation with his grandparents was cut short. By arguing that the force was justified in this case, Perry is essentially challenging the magistrate judge's determination that genuine issues of material fact exist regarding exactly what took place in the visitation room. "This is precisely the type of question that the court lacks jurisdiction to entertain in this interlocutory appeal." *Chatman v. Miles*, 518 F. App'x 292, 294 (5th Cir. 2013) (per curiam); *see also Kinney*, 367 F.3d at 346. Accordingly, we dismiss the appeal for lack of jurisdiction.

DISMISSED.